UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~
In re
**KARL H. RUHLAND AND**
**KATRINA T. RUHLAND,**                                    Chapter 7
    Debtors                                            Case No. 11-19510-JNF
~~~~~~~~~~~~~~~~~~~~~~~~~

**FELIPE CHAVES, a/k/a**
**FELICIO VIEGAS de OLIVEIRA,**[1]
    Plaintiff
v.                                                         Adv. P. No. 11-1322
**KARL H. RUHLAND,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

      The matter before the Court is the Plaintiff's Motion to Re-Open Case and Assess Costs (the "Motion") against the Defendant in the sum of $1,027.05. The Defendant filed an Objection to the Motion. The Court heard the matter on April 29, 2013, following which the Defendant filed a Supplement to his Objection. For the reasons set forth below, the Court shall enter an order granting the Motion and awarding costs to the Plaintiff in the sum of $952.40.

---

[1] On December 8, 2012, the Plaintiff informed his attorney that while he goes by the name of Felipe Chaves his given birth name is Felício Viegas de Oliveira. The Plaintiff amended his Complaint on December 10, 2012 to reflect that name.

1

**II. BACKGROUND**

This Court entered a judgment in favor of the Plaintiff and against the Defendant on March 13, 2013 with respect to the Plaintiff's Amended Complaint. The Court excepted a state court judgment obtained by the Plaintiff from the Defendant's discharge pursuant to 11 U.S.C. § 523(a)(6). The Defendant did not file a Notice of Appeal, and, on April 9, 2013, the adversary proceeding was closed. Notably, in the prayer for relief in the Amended Complaint, the Plaintiff requested an award of "litigation costs and reasonable attorney's fees. . . ."

On April 22, 2013, approximately six weeks after the entry of the judgment, the Plaintiff moved to reopen the adversary proceeding for the purposes of obtaining his costs. Citing Fed. R. Bankr. P. 7054, the Plaintiff sought an award of the following costs totaling $1,027.05:

  a. $293.00 for the filing fee for the adversary proceeding;

  b. $1.70 in postage for serving opposing counsel with the Plaintiff's motion to compel discovery;

  c. $90.35 charged by the Attorney General of Massachusetts for production of public records;

  d. $210.00 for the transcript of the deposition of the Defendant;

  e. $82.00 for both service of a witness subpoena upon Lillian M. Hirales, Esq. and a witness fee; and

  f. $350.00 for interpreter services at trial.

The Plaintiff supported his request for costs with the Affidavit of his attorney, Peter Cole,

Esq., and copies of receipts and other documentary evidence.

The Defendant objected to the Motion, referencing 28 U.S.C. § 1920. He argued:

> Paragraph 6 of the statute requires that the assessment be included in the judgment or decree. Because the court has already entered judgment, the plaintiff's motion is considered as a motion to alter or amend, and as such is untimely. . . To the extent that the court would consider the motion under Fed. R. Bank. P. 9024, the plaintiff has not shown any manifest error of fact or law, or that the delay in filing the motion resulted from any excusable neglect or exceptional circumstances. . . .

In his Supplement to his Objection, the Defendant reiterated his objection based upon the timeliness of the request for costs. In addition, he specifically objected to the cost of postage ($1.70); the charge incurred to obtain public records from the Attorney General for the Commonwealth of Massachusetts ($90.35) on the ground that "the plaintiff did not relate the requested cost to the statute" and that the cost was not necessary because only about 10 pages of documents were used at trial; the deposition costs ($210) because the deposition was just used for impeachment and was not introduced into evidence; and the charge for the service of a witness subpoena ($82) because the charge was not for the U.S. Marshal and because Mass. Gen. Laws ch. 262, § 56 prohibits government employees from accepting witness fees in cases in which the Commonwealth of Massachusetts is a party.

**III. DISCUSSION**

A. <u>Applicable Law</u>

Section 1920 of title 28 of the United States Code provides the following:

A judge or clerk of any court of the United States may tax as costs the following:

>   (1) Fees of the clerk and marshal;
>
>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>   (3) Fees and disbursements for printing and witnesses;
>
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>   (5) Docket fees under section 1923 of this title;
>
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. *See generally* Country Vintner of N.C., LLC v. E & J Gallo Winery, Inc., No. 12-2074, __ F.3d __, 2013 WL 1789728 (4th Cir. April 29, 2013) (setting forth legislative history).

Rule 7054 of the Federal Rules of Bankruptcy Procedure provides:

> (a) Judgments
>
> Rule 54(a)-(c) F. R. Civ. P. applies in adversary proceedings.
>
> (b) Costs
>
> The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 14 days' notice; on motion served within seven days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Bankr. P. 7054.

According to the court in <u>Bucksar v. Mayo</u>, No. 11-10134-RBC, 2013 WL 1320445 (D. Mass. March 28, 2013),

> The First Circuit has repeatedly stated that "[a]llowable costs are specifically set out in 28 U.S.C. § 1920." <u>Papas v. Hanlon</u>, 849 F.2d 702, 704 (1st Cir. 1988) ( per curiam ) citing <u>Bank of Honolulu v. Rivera Davila</u>, 438 F.2d 1367, 1371 (1st Cir. 1971); *accord* <u>Walters v. President and Fellows of Harvard College</u>, 692 F.Supp. 1440, 1441–42 (D. Mass. 1988). Indeed, as explained by the appellate court,
>
>> section 1920 has an esemplastic effect. It fills the void resulting from Rule 54(d)'s failure to define the terms 'costs,'... and in that way constrains the district court's power to determine which expense categories constitute taxable costs. In other words, the statute and rule, read together, signify that a district court lacks the ability to assess 'costs' under Rule 54(d) above and beyond those that come within the statutory litany.
>
> <u>In Re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation</u>, 994 F.2d 956, 962 (1st Cir. 1993) (citations omitted); <u>United States v. Bevilacqua</u>, 447 F.3d 124, 128 (1st Cir. 2006).

<u>Bucksar</u>, 2013 WL 1320445 at * 1. In addition, "[i]t is well-established that the allowance of costs under Rule 7054(b) is within the discretion of the Bankruptcy Court." <u>Bishara v. O'Callaghan (In re O'Callaghan)</u>, 304 B.R. 887, 889 (Bankr. M.D. Fla. 2003). The court in <u>O'Callaghan</u> added:

> "There is a strong presumption favoring the award of costs to the prevailing party. . . . The losing party must satisfy a heavy burden when asserting that he should be excused from paying costs and affirmatively establish that the costs either fall outside the parameters of § 1920, were not reasonably necessary to the litigator, or that the losing party is unable to pay." <u>In re Franklin Arms Court, L.P.</u>, 2003 WL 1883472, at *14.

<u>O'Callaghan</u>, 304 B.R. at 889. *But see* <u>In re Clansy</u>, No. 04-40504, 2008 WL 177779 at *3

5

(Bankr. S.D. Tex. Jan. 18, 2008) (declining to read presumption of Fed. R. Civ. P. 54(d) into Fed. R. Bankr. P. 7054(b)).

    B. Analysis

        1. The Timeliness of the Motion

The Defendant maintains that the Plaintiff's request for costs is untimely. Although Fed. R. Bankr. P. 7054(b) contemplates a different procedure, i.e., this Court has found a number of decisions in which prevailing parties have been awarded costs upon submission of motions following entry of judgment, including O'Callaghan; Headrick v. Atchison (In re Atchison), 255 B.R. 790 (Bankr. M.D. Fla. 2000); and Alexander v. Horton (In re Terry Mfg. Co., Inc.), No. 05-3042, 2007 WL 1491086 (Bankr. M.D. Ala. May 21, 2007). Although the Plaintiff's motion was filed after the adversary proceeding was closed, the short period of time between the entry of judgment and the filing of the Motion has not harmed the Defendant, particularly where the Plaintiff requested costs in his Amended Complaint. Moreover, were the Court to treat the Motion as a motion for relief from judgment to permit an award of costs as part of the judgment, such a motion would be warranted as relief is justified. *See* Fed. R. Civ. P. 60(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 9024. *See also* Fed. R. Bankr. P. 9006(b)(1). In view of the notice, a hearing, and an opportunity for briefing, the Plaintiff's delay in seeking costs does not prejudice the Defendant.

        2. Allowable Costs under § 1920

With respect to the Plaintiff's request for reimbursement of $42 for service of a

witness subpoena by the Suffolk County Sheriff's Department and the payment of a $40 witness fee, the Court notes a split of authority as to the payment of fees to a process server other than a U.S. Marshal under 28 U.S.C. § 1920(1). In D & B Countryside, L.L.C. v. S.P. Newell (In re D & B Countryside, L.L.C.), 217 B.R. 72 (Bankr. E.D. Va. 1998), the court stated:

> All service of subpoenas in this action was accomplished using a private process server. Under the plain language of 28 U.S.C. § 1920(1), only fees charged by a United States Marshal under 28 U.S.C. § 1921, which includes service of summons and subpoenas, are properly taxed as costs. However, because the United States Marshals Service no longer serves summonses and subpoenas in civil cases, many courts have held that § 1920(1) contemplates that a prevailing party would be able to recover costs incurred by use of a private process server, notwithstanding that § 1920(1) does not expressly mention such fees. Other courts disagree. *Compare* Alflex Corp., 914 F.2d at 178 (allowing recovery of fees of private process server under § 1920(1), Sullivan v. Chrysler Motors Corp., 1997 WL 94236, at *6 n. 5 (D.N. J. 1997) (same), and Margaretten & Company, Inc. v. Howard ( In re Howard), 1991 WL 79915, at *2 (Bankr. D. Md. 1991) (Mannes, J.) (same), *with* United States ex. rel. Evergreen Pipeline Construction Co. v. Merritt Meridian Construction Corp., 95 F.3d 153, 172 (2d Cir. 1996)) (holding that plain language of § 1920 does not allow taxing as costs private process fees), Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir.1985) (same); Pion v. Liberty Dairy Co., 922 F.Supp. 48, 53 (W.D. Mich. 1996) (same), and Zdunek v. Washington Metropolitan Area Transit Authority, 100 F.R.D. 689, 692 (D. D.C. 1983) (same); *see also* Collins v. Gorman, 96 F.3d 1057, 1059 (7th Cir. 1996) (reasoning that under West Virginia University Hospitals [West Virginia University Hospitals, Inc. v. Casey, 499 U.S. 83, 86 (1991)], a statute must be applied as written if it has an ascertainable meaning, and holding that private process server fees are taxable costs under § 1920(1) to the extent that they do not exceed the Marshal's fee).
>
> The Fourth Circuit has not ruled on this issue. Nevertheless, this court believes that the better reasoned approach—and the position the Fourth Circuit would adopt—would be that private process server fees are not costs that may be taxed under § 1920(1). As noted by Judge Easterbrook, a private process server may do the same thing as a United States Marshal, and may

7

> do it more efficiently and cheaper. But whatever the similarities between the functions performed, a private process server does not become a Marshal. Collins, 96 F.3d at 1059. The subsection is clear on its face and it must be applied as written. Id. To extrapolate that private process server fees can be recovered under § 1920(1) would do violence to the principals [sic] taught by the Supreme Court in Crawford Fitting [Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444–45 (1987)], and West Virginia University Hospitals. Accordingly, this court will disallow the entire amount the debtor sought to tax for service of summons and subpoenas.

217 B.R. at 77-78 (footnote omitted). In Santana v. RCSH Operations, LLC, No. 10-61376-CIV, 2012 WL 3779013 (S.D.Fla. Aug 31, 2012), the court observed that "[t]he Eleventh Circuit has held that § 1920(1), read in conjunction with 28 U.S.C. § 1921, authorizes a court to tax private process servers [sic] fees as costs, provided that the process servers' rates do not exceed what it would cost to have the U.S. Marshal effectuate service." Id. at *2 (citing U.S.E.E.O.C. v. W & O, Inc., 213 F.3d 600, 623–624 (11th Cir. 2000)). The court in Santana added that when U.S. Marshals personally serve process, their rate is $55 per hour (or portion thereof) for each item served, plus travel costs and any other out-of-pocket expenses. Id. (citing 28 C.F.R. § 0.114(a) (3) (setting costs for service of process)). Notably, the cost of service sought by the Plaintiff is $30 plus miscellaneous de minimis fees. The witness fee of $40 is itemized as a separate charge.

Several decisions from the District of Puerto Rico and Rhode Island have approved costs for private process servers. *See* Bowling v. Hasbro, Inc., 582 F.Supp.2d 192, 209 (D. R.I. 2008) ("For service of process, 28 U.S.C. § 1920 only specifically includes fees of a marshal. However, some courts award private process serving fees due to 'the trend toward substitution of private process servers for the U.S. Marshals Service.'"); Riofrio Anda v.

8

Ralston Purina Co., 772 F.Supp. 46, 55 (D. P.R. 1991), *aff'd*, 959 F.2d 1149 (1st Cir. 1992). *See also* Peguero-Moronta v. Gabriel-Santiago, No. 01-1390, 2010 WL 1444863 (D. P.R. April 8, 2010); Hasbro, Inc. v. Chang, No. 03-482-T, 2006 WL 2246423 at *2 (D. R.I. May 18, 2006); Shared Med. Sys. v. Asford Presbyterian Community Hosp., 212 F.R.D. 50, 54 (D. P.R. 2002); Pan Am. Grain Mfg. Co. v. P.R. Ports Auth., 193 F.R.D. 26, 33 (D. P.R. 2000). *Accord* Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 178 (9th Cir.1990), *cert. denied*, 502 U.S. 812 (1991).[2] In view of the authority from district courts within the First Circuit approving this expense, this Court shall allow the cost for service of a subpoena by the Suffolk County Sheriff's Department in the sum of $42.

The Defendant objects to the $40 witness fee included in the Sheriff's bill, relying upon Mass. Gen. Laws ch. 262, § 56. That statute provides:

> Except as otherwise provided, an officer of the commonwealth whose salary is fixed by law, or any employee of the commonwealth receiving regular compensation therefrom *shall not be entitled to a witness fee before any court in a cause in which the commonwealth is a party.* An officer whose compensation

---

[2] The Ninth Circuit stated:

In making Marshal's fees taxable as costs in section 1920(1), we believe Congress exhibited an intent to make service of process a taxable item. Since the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server. See Fed.R.Civ.P. 4(c) and 45(c). Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1).

914 F.2d at 178 (footnotes omitted).

> is derived solely from fees shall not be entitled to receive more than one fee as a witness for a day's attendance on [sic] court under one or more summonses in behalf of the commonwealth, and the said fee shall be apportioned by the clerk among the cases in which he is summoned. Nothing in this section shall be construed to authorize the payment of a witness fee to any member of the police department of said commission if he is on duty at the time of his attendance on court [sic] as a witness.

Mass. Gen. Laws ch. 262, § 56 (emphasis supplied). Because the Commonwealth is not a party to this adversary proceeding, the statute upon which the Defendant relies is inapplicable and the Plaintiff may obtain the $40 witness fee as a reimbursable cost under 28 U.S.C. § 1920(3).

With respect to the costs incurred by the Plaintiff for the transcript of the Defendant's deposition, the United States Court of Appeals for the First Circuit observed the following with respect to deposition costs:

> It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at the trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985); *see also* Riofrio Anda v. Ralston Purina Co., 772 F.Supp. 46, 55 (D. P.R. 1991) (noting that § 1920(2) "does not mean that depositions must be used at trial in order to be taxed as costs"); 10 Moore's § 54.103[3][c], p. 54-181 ("that a particular deposition was not actually used does not bar an award of costs"). The district court's finding that the deposition of witnesses listed by the Piesters was a necessary part of IBM's trial preparation was not a clear abuse of its discretion. The court adequately addressed the Piesters' concern that they not be taxed for the costs of depositions taken in other cases by limiting the award of costs to "depositions taken in this case, not in other cases." The Piesters have failed to show that the award was not so limited. Nor do the Piesters dispute the court's finding that IBM had a right to subpoena Patricia Piester's medical records from the medical providers directly. Accordingly, there was no abuse of discretion in the district court's award of deposition costs.

Piester v. Internat'l Business Machines Corp., 201 F.3d 428 at *1 (1st Cir. 1998) (unpublished

table decision). The Court concludes that the charge of $210 was reasonable and necessary for the impeachment of the Defendant.

The Plaintiff seeks $90.35 paid to the Commonwealth of Massachusetts for the production of documents, copies and postage. The Plaintiff's attorney attached a letter from the Office of the Attorney General for the Commonwealth of Massachusetts in which Ms. Lillian Hirales, an Assistant Attorney General, stated: "you clarified that you would like to reduce the scope of your request to copies of all complaints filed against Karl Ruhland, any citations and settlement agreements, and any correspondence between Mr. Ruhland and/or his attorneys and the AGO." According to Ms. Hirales, the cost for responding to the request was estimated to be $90.35, including 1.0 hour at $18 per hour for an administrative staff member to search for, retrieve, and photocopy records; 1.0 hour at the rate of $20 per hour for a paralegal to segregate and redact the records; 1.0 hour at the rate of $30 per hour for an attorney to review and segregate the records; $.20 per page for photocopying 87 pages; and $4.95 for postage.

Section 1920 permits costs for "[f]ees for exemplification and the costs of making copies of materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The court in In re Matos, 381 B.R. 394 (Bankr. M.D. Fla. 2007), explained:

> Under § 1920(4), photocopying "necessarily obtained for use in the case" is compensable. In making this determination, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." U.S. E.E.O.C. v. W & O, Inc., *supra*, 213 F.3d at 623. Although a prevailing party may not recover for general photocopying, Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996), photocopying costs "attributable to discovery, copies of pleadings,

11

correspondence, documents tendered to the opposing party, copies of exhibits and documents prepared for the Court's consideration are recoverable." Desisto College, Inc. v. Town of Howey-in-the-Hills, supra, 718 F.Supp. at 913; see also U.S. E.E.O.C. v. W & O, Inc. supra, 213 F.3d at 623 ("copies attributable to discovery are a category of copies recoverable under § 1920(4)").

Matos, 381 B.R. at 396 (quoting Dillon v. Axxsys Internat'l, Inc., No. 9:98-cv-2237-T-23TWG, 2006 WL 3841809 at *7 (M.D. Fla. Dec. 19, 2006)). *See also* Country Vintner of N.C., LLC v. E & J Gallo Winery, Inc., __ F.3d __, 2013 WL 1789728 at *7-9. Under that test, the Court finds that the $17.40 charged by the Attorney General's office was relevant to the Plaintiff's burden of proof and is an appropriate expense. The Plaintiff failed to establish that the costs associated with research, segregation, and review of documents are compensable under 28 U.S.C. § 1920. *Cf.* Pehr v. Rubbermaid, Inc., 196 F.R.D. 404, 408 (D. Kan. 2002)(cost for professional services in patent infringement case associated with prior art searches was not compensable).

Postage is not recoverable as a cost because it is not set forth in 28 U.S.C. § 1920. *See* Spectrum Commc'ns Specialists, LLC v. KMJ Servs., Inc., 2012 WL 2190806 at *7 (E.D. La. June 14, 2012). *See also* Johnson v. State of R.I., Dept. of Corrections, No. 98-266T, 2000 WL 303305 at *14 (D. R.I. March 22, 2000). Accordingly, the Court disallows $1.70 attributable to postage.

The Defendant initially challenged the cost of $293 attributable to the filing fee, but withdrew his objection to that cost in his Supplement to his Objection. In addition, he did not challenge the $350 charge for the services of an interpreter under 28 U.S.C. § 1920(1)

and (6). If a party's request for costs is uncontested, the request is generally granted. *See* E.E.O.C. v. AutoZone, Inc., __ F.Supp.2d __, 2013 WL 1277873 at * 12 (D. Mass. March 29, 2013). Accordingly, the Court shall award the Plaintiff those fees.

## IV. CONCLUSION

In view of the foregoing, the Court grants the Plaintiff's Motion in part and denies it in part. The Court shall award the Plaintiff $952.40.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 13, 2013